THOMAS M. KERNS, &c., Adm'rs *v.* JAS. WALLACE and others.

Under the former system, a County Court had no power, in a petition by an administrator to sell lands, &c.,—to order an account which could bind the next of kin : this could be done only in a proceeding the direct object of which was such an account.

Whether an administrator were blamable for selling property at a time when he could only obtain for it Confederate money, (*here,* November 1863) depends upon circumstances ; viz. : the sort of property sold, whether perishable or other—the unwillingness of creditors, &c. to receive such currency, and the like.

It is not true, as a general proposition, that a *mere sale* at such a time *imports* negligence ; *therefore,* where the case showed no *circumstances* indicating negligence, held that, as the presumption was in favor of innocence, the administrator was not chargeable with the consequent loss.

(*Finger* v. *Finger, ante* 183, cited and approved ; *Wiley* v. *Wiley* 63 N. C. 182, cited and distinguished.)

PETITION by administrators to sell lands, &c., before

*Logan, J.,* at Spring Term 1869 of MECKLENBURG Court.

The petition was filed in the County Court, January Term 1868, and afterwards was *transferred ;* and it alleged : That the intestate died in 1863, and administration was granted to the petitioners in October 1863 ; that in November thereafter they sold personalty to the amount of $3,274 87, which was paid in Confederate currency; that with this they paid off all the debts they knew of (some $1,200) and distributed the residue to the next of kin, excepting a share due to a non-resident (some $220) which has been lost ; that since the war they have been notified of other debts (some $500) ; that there are no personal assets remaining, and that the intestate died seized in fee of a tract of land which descended to his heirs, &c.

The heirs were duly made parties.

One of the heirs, James Wallace, answered, denying that there were grounds for sale as desired ; relying upon the allegations : That the administrators were chargeable with *negligence,*—in selling for Confederate money,—in not so dealing that the present claims would have been barred by the statute of limitations,—and in paying over the Confederate money to the next of kin without taking *refunding bonds.*

The Court ordered an account, which showed that the sales in Nov. 1863, were $3,277 51. Adding some small notes, and interest upon all, the administrators were charged, July 1868, with $4,557 14. The credits (year's allowance $259 65] with interest, were $777 61 ; also, for commissions, &c., $437 93. The balance in the administrators' hands was stated to be $3,341 60 in Confederate money ; of which, in money distributed to the next of kin, $2,342 50. The debts still due, excepting one to the defendant Wallace, ($325 21) amounted to $436 95.

Upon this the Court granted an order of sale ; and the defendants appealed.

*Dowd,* for the appellants.
*Wilson, contra.*

Rodman, J.   This is a petition by administrators to sell land to pay debts, pending in the County Court at the time of the abolition of that Court, and then transferred to the Superior Court.   The defendants allege in their answer that the plaintiffs have personal assets in their hands sufficient to pay the debts.   A referee was appointed to state an account.   As there is no exception to this account, we must assume it to be correct.   He reports that there are debts out-standing, and that the plaintiffs have no personal assets, except $3,341.60 in Confederate money.   So that the question intended to be presented, and which ought, regularly, to have been presented by an exception to the account, is, whether the administrators are chargeable with this sum or any part of it.

Before considering that question, we refer to *Finger* v. *Finger* at this term, where it is said that a County Court, under the former system, had no power on a petition like this, to make a decree respecting the administration account, which would bind the next of kin; that such a decree could only be made in a suit whose direct object was an account, and to which the next of kin were necessary parties.   But in passing on the plaintiff's claim to the relief demanded, the Court is obliged, of course, to ascertain whether there appear to be personal assets in the hands of the administrators. If, in this case, the administrators are chargeable with the Confederate money, it must be either because they sold the property improperly, or sold it improperly for Confederate money, or negligently kept the money on hand, instead of applying it to pay the debts of their intestate when they might have done so.   We find that on the 5th of Nov. 1863, they sold property for $3,277.51, which they received in Confederate money.   They are charged with sundry small notes amounting, exclusive of those of James Wallace, to about $150, which we suppose the report to say they collected in Confederate money.   It is matter of common knowledge that in Nov. 1863, if an administrator sold at all, he could sell for

Confederate money only. Now whether the administrator was justified in selling at that time, will depend very much on the kind of property sold, whether perishable or otherwise, on the probable willingness of the creditors to receive it, and upon other circumstances, none of which are stated. The fact of the sale at that date, stands bare in the report, neither supported by evidence showing its necessity, nor impeached by exception, or evidence. This Court cannot say, as a general proposition, that a sale by an administrator in Nov. 1863, was tortious under all circumstances. The administrators paid off debts to the amount of $887.13, and there are others now out-standing, to the amount of $436.92. If the administrators could have paid off these debts in 1863, it was their duty to have done so: but in the absence of all evidence, this Court cannot say that they were guilty of negligence in not doing so. The presumption must always be in favor of a party charged with breach of duty. The burden of proof is on the party that charges negligence.

What is said in *Wiley* v. *Wiley,* 63 N. C. 182, is not applicable in this case. We can see no error in the judgment below.

PER CURIAM.                    Judgment affirmed.